UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARTA LIDIA PORTILLO CASERES,

    Plaintiff,

v.

SUSAN DIBBINS, Chief, Administrative Appeals Office of U.S. Citizenship and Immigration Services,

JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services,

KRISTI NOEM, Secretary, U.S. Department of Homeland Security,

    Defendants.

Civil Action No. 1:25-13563-BEM

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants in the above-captioned action hereby answer Plaintiff Marta Lidia Portillo Caseres' Complaint as follows:

### INTRODUCTION

1. The introductory paragraph of Plaintiff's Complaint consists of Plaintiff's characterization of her action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. Denied, including subparagraphs 2(a)–(g).

3. The allegations contained in paragraph 3 of the Complaint consist of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief and deny any and all remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Defendants admit that Plaintiff filed an Application for T Nonimmigrant Status, and, upon information and belief, that she is a native and citizen of Guatemala. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and therefore they are denied.

5. Defendants denies that she is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 5 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

6. Defendants denies that he is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 6 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

7. Defendant denies that she is liable to Plaintiff. Answering further, the remaining allegations contained in paragraph 7 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

## JURISDICTION AND VENUE

8. The allegations contained in paragraph 8 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations contained in paragraph 9 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations contained in paragraph 10 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted.

11. The allegations contained in paragraph 11 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## STANDING

12. The allegations contained in paragraph 12 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## STATUTORY AND REGULATORY BACKGROUND

13. The allegations contained in paragraph 13 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations contained in paragraph 14 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

15. The allegations contained in paragraph 15 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations contained in paragraph 16 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17. The allegations contained in paragraph 17 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

18. The allegations contained in paragraph 18 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

19. The allegations contained in paragraph 19 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

20. The allegations contained in paragraph 20 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

21. The allegations contained in paragraph 21 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

22. The allegations contained in paragraph 22 of the Complaint consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## STATEMENT OF FACTS

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them. Answering further, Defendants state that Exhibit A to the Complaint speaks for itself.

24. Defendants admit that Plaintiff filed an application for T Nonimmigrant Status. Answering further, Defendants state that Exhibits A–B to the Complaint speak for themselves.

25. Defendants admit that USCIS sent Plaintiff a Request for Evidence ("RFE") on May 20, 2024. Answering further, Defendants state that Exhibit C to the Complaint speaks for itself. The remaining allegations contained in paragraph 25 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

26. Defendants admit that USCIS received Plaintiff's response to the RFE, attached to the Complaint as Exhibit D, and which speaks for itself. The remaining allegations contained in paragraph 26 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

27. Admitted. Answering further, Defendants state that Exhibit E to the Complaint speaks for itself.

28. Defendants admit that Plaintiff filed a Form I-290B, Notice of Appeal or Motion, on December 4, 2024. Answering further, Defendants state that Exhibits F–G, and J to the Complaint speak for themselves. The remaining allegations contained in paragraph 28 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

29. Defendants admit that Plaintiff filed a supplemental brief and documentation in support of her Form I-290B appeal. Defendants further admit that Plaintiff's Form I-290B was dismissed on September 8, 2025. Answering further, Defendants state that Exhibits H–I to the Complaint speak for themselves. The remaining allegations contained in paragraph 29 consist of Plaintiff's characterizations and conclusions of law to which no response is required. Answering

further, Defendants state that Exhibits H–I to the Complaint speak for themselves. To the extent that a response is required, the allegations are denied.

30. The allegations contained in paragraph 30 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

31. The allegations contained in paragraph 31 consist of Plaintiff's characterizations of the Administration Appeals Office ("AAO") appeals decision, to which no response is required. Answering further, Defendants state that the decision speaks for itself. To the extent that a response is required, the allegations are denied.

32. The allegations contained in paragraph 32 consist of Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

33. The allegations contained in paragraph 33 consist of Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

34. The allegations contained in paragraph 34 consist of Plaintiff's characterizations of the Administration Appeals Office ("AAO") appeals decision and conclusions of law, to which no response is required. Answering further, Defendants state that the decision speaks for itself. To the extent that a response is required, the allegations are denied.

35. The allegations contained in paragraph 35 consist of Plaintiff's characterizations of the Administration Appeals Office ("AAO") appeals decision and conclusions of law, to which no response is required. Answering further, Defendants state that the decision speaks for itself. To the extent that a response is required, the allegations are denied.

36. The allegations contained in paragraph 36 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

37. The allegations contained in paragraph 37 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, the allegations are denied.

## COUNT ONE
### (Violation of The APA – Arbitrary and Capricious (5 U.S.C. § 706(2)))

38. Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 37 of the Complaint above as though fully set forth herein.

39. Denied, including subparagraphs 39(a)–(f).

40. Denied.

## COUNT TWO
### (Violation of The APA – Contrary to Law (5 U.S.C. § 706(2)))

41. Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 40 of the Complaint above as though fully set forth herein.

42. Denied, including subparagraphs 42(a)–(d).

43. Denied.

44. Denied.

45. Denied.

## COUNT THREE
### (Violation of The APA – Failure to Observe Procedure Required by Law (5 U.S.C. § 706(2)))

46. Defendant reiterates and incorporates by reference its responses to paragraphs 1 through 45 of the Complaint above as though fully set forth herein.

47. Denied, including subparagraphs 47(a)–(c).

48. Denied.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL DENIAL

Defendants expressly deny each and every allegation not specifically admitted, denied or otherwise qualified in this Answer.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendants' actions were not in violation of any federal law or in violation of the United States Constitution.

3. The agency decision at issue in this civil action was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

4. The agency decision at issue in this case was supported by substantial evidence.

5. All actions taken by Defendants were supported by the administrative record.

6. Plaintiff is not entitled to any relief, attorney's fees, or court costs.

Defendants reserve the right to amend, alter, and supplement these defenses as the facts and circumstances giving rise to this complaint become known to Defendants through the course of this litigation, and reserve the right to raise any defense that may be supported by the record in this case. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

WHEREFORE, Defendants respectfully request that this Court grant judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant any further relief as the Court deems just and appropriate.

                                          Respectfully submitted,

                                          LEAH B. FOLEY
                                          United States Attorney

                              By:    */s/ Eve A. Piemonte*
                                          Eve A. Piemonte
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          John J. Moakley U.S. Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA  02210
                                          (617) 748-3369
Dated: February 27, 2026           Eve.Piemonte@usdoj.gov