**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MARTA LIDIA PORTILLO CASERES,**<br>Plaintiff,<br><br>v.<br><br>**SUSAN DIBBINS, JOSEPH B. EDLOW,**<br>**and KRISTI L. NOEM**,<br>Defendants. | Civil Action No. 25-13563-BEM |

**JOINT STATEMENT AND PROPOSED DISCOVERY SCHEDULE**

The parties submit this joint statement pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1 of the United States District Court for the District of Massachusetts, and this Court's orders.

### 1. Nature of the Case

This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. Plaintiff challenges the dismissal of her administrative appeal of her improperly denied T-visa application by the United States Citizenship and Immigration Services ("USCIS") as arbitrary and capricious, an abuse of discretion, not in accordance with law, in excess of statutory authority, and issued without observance of the procedure required by law.

Defendants deny Plaintiff's allegations and intend to defend the agency's decision. Defendants anticipate filing the Certified Administrative Record ("CAR") and subsequently moving for summary judgment.

### 2. Jurisdiction

Jurisdiction is proper under 28 U.S.C. § 1331 and 5 U.S.C. §§ 702-706.

### 3. Statement of Claims and Defenses

Plaintiff contends that USCIS's denial of the T-visa application was arbitrary and capricious, failed to follow applicable law and regulations, and was unsupported by substantial evidence in the administrative record. Plaintiff seeks declaratory relief that USCIS's decision was unlawful and an order vacating the denial and remanding the matter to the agency for further proceedings consistent with the Court's ruling.

Defendants contend that the agency's decision was lawful, supported by the administrative record, and entitled to deference. Defendants seek an order affirming USCIS's decision, entering judgment in favor of Defendants, and denying Plaintiff's requested relief.

### 4. Proposed Schedule

Given that this case will be resolved on the CAR, the parties propose the following schedule:

#### a. Filing of Certified Administrative Record

Defendants shall file the CAR within 60 days of the scheduling conference.

#### b. Motions Regarding the Administrative Record (if any)

Any motions to supplement or complete the administrative record shall be filed within 30 days after the filing of the CAR. Oppositions shall be filed within 14 days of the filing of a motion to supplement or complete the administrative record, and replies shall be filed within 7 days after the filing of any opposition.

#### c. Dispositive Motions (Summary Judgment/Merits Briefing)

Because this is an APA case, the parties propose resolving the matter through cross-motions for summary judgment:

- Plaintiff's Motion for Summary Judgment: 60 days after filing of the CAR

- Defendants' Cross-Motion and Opposition: 45 days thereafter

- Plaintiff's Opposition/Reply: 30 days thereafter

- Defendants' Reply: 21 days thereafter

### d. Hearing

The parties anticipate that a hearing, if requested by the Court, would require approximately 60-90 minutes.

### 5. Discovery Plan

The parties agree that this case will be adjudicated based on the administrative record. Accordingly, no traditional discovery is anticipated.

However, the parties reserve their rights to seek limited discovery or supplementation of the administrative record upon a showing of good cause.

### 6. Disclosure Statement

The parties agree that initial disclosures under Fed. R. Civ. P. 26(a)(1) are not required in this APA action because the case will be resolved on the administrative record.

### 7. Alternative Dispute Resolution

The parties have conferred regarding alternative dispute resolution ("ADR"). At this time, Defendants intend to defend the agency's decision, and the parties do not believe ADR would be productive prior to the resolution of dispositive motions. The parties remain open to ADR at a later stage if appropriate.

### 8. Budget and Cost Considerations (Rule 26(f))

Pursuant to Fed. R. Civ. P. 26(f), the parties certify that they have conferred regarding the nature and basis of their claims and defenses and have discussed the development of a proposed discovery plan and budget for the costs of litigation.

The parties agree that, because this matter will proceed on the administrative record, litigation costs will primarily consist of record preparation, briefing, and potential hearing costs. The parties have also discussed alternative litigation paths and ADR options.

### 9.  Certification of Counsel

Counsel for all parties certify that they have conferred in good faith pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1 for the purpose of preparing this statement, including discussion of:

- The nature and basis of the claims and defenses;

- The possibilities for prompt settlement or resolution;

- The development of a proposed schedule;

- A budget for the costs of conducting a full hearing and alternative courses of litigation; and

- The potential use of ADR.

### 10. Additional Matters

Given the anticipated size of the administrative record, Plaintiff respectfully requests sufficient time to review the record prior to filing dispositive motions. The proposed schedule reflects the parties' agreement that at least 60 days is necessary for adequate review.

Respectfully submitted,

| | |
|---|---|
| _____ | _____/s/ Eve A. Piemonte_____ |
| Rachel L. Rado | Eve A. Piemonte |
| Law Offices of Rachel L. Rado | Deputy Chief, Defensive Litigation Unit |
| 175 Portland Street, 2nd Floor | 1 Courthouse Way, Suite 9200 |
| Boston, MA 02114 | Boston, MA 02210 |
| (t) 617-871-6030 \| (f) 877-246-8795 | (t) 617-748-3369 \| (c) 857-201-1116 |
| (e) Rachel@rachelradolaw.com | (e) Eve.Piemonte@usdoj.gov |
| | |
| _Counsel for Plaintiff_ | _Counsel for Defendants_ |